UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY MIGUEL CHRISTOPHER,

      Plaintiff,

v.    Case No. 3:20-cv-1210-MMH-PDB

ACTING COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report & Recommendation (Doc. 28; Report) entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on July 28, 2022. In the Report, Judge Barksdale recommends that the Commissioner's decision be affirmed. See Report at 17. On August 11, 2022, Plaintiff Andrew Miguel Christopher filed objections to the Report, see Objections to Report and Recommendation Dated July 28, 2022 (Doc. 29; Objections), and on August 17, 2022, Defendant filed a response to the Objections, see Commissioner's Response to Plaintiff's Objections to the Magistrate Judge's Report & Recommendation (Doc. 30; Response). Thus, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

The Court has reviewed the Report, the Objections, the Response, and the relevant record. In the Objections, Christopher merely reiterates the

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 18.

arguments presented to the Magistrate Judge. See generally Objections. First, Christopher argues that the Administrative Law Judge's (ALJ) determination that medical improvement occurred was not based on the correct legal standards or substantial evidence where some of the original medical evidence was not included in the record. See Objections at 2-3; see also Plaintiff's Brief (Doc. 24; Brief) at 11-13. In support, Christopher cites to Sessions-Hamilton on Behalf of K.H. v. Comm'r of Soc. Sec., No. 8:19-CV-1155-T-JSS, 2020 WL 13452938, at *1 (M.D. Fla. July 9, 2020), a decision issued before Christopher initiated the instant action but notably not included in his Brief before the Magistrate Judge. Objections at 3.

In Sessions-Hamilton, the ALJ's consideration of prior medical evidence consisted of a summary of the previous ALJ's discussion of the evidence and portions of two of the records that the previous ALJ relied on. 2020 WL 13452938 at *5. The court found "unlike in Trombetta,"[2] a case relied on by the Magistrate Judge here, "much of the evidence cited by the prior ALJ was not attached to the record in finding that Claimant was no longer disabled. This limited record does not provide a sufficient basis for the Court to find harmless error." Id. at *5.

---

[2] Trombetta v. Comm'r of Soc. Sec., No. 2:17-CV-382-FTM-99CM, 2018 WL 7116085, at *6 (M.D. Fla. Dec. 20, 2018), report and recommendation adopted, No. 2:17-CV-382-FTM-38CM, 2019 WL 314570 (M.D. Fla. Jan. 24, 2019).

Conversely, in the instant case, the Magistrate Judge noted that the record on which the ALJ made its decision includes

> office-treatment records from Health South Diagnostic Center from December 7, 2009, to June 20, 2014, Tr. 255–56, 351–57; office-treatment records from Avecina Medical from June 19, 2013, to August 8, 2014, Tr. 358−71; office-treatment records from Behavioral Healthcare Network from March 29, 2012, to September 16, 2014, Tr. 372–404; office-treatment records from Family Medical Center Orange Park from June 20, 2014, to January 26, 2018, Tr. 445–56; a treating-source statement from T. Carey Merritt, M.D., dated October 6, 2014, Tr. 405–08; emergency-department records from Orange Park Medical Diagnostic Center from November 29, 2012, to December 28, 2013, Tr. 257–346; and radiology reports from Elite Imaging on December 4, 2013, and June 20, 2014, Tr. 347–50. The record also includes the initial disability determination from April 26, 2013, Tr. 53–60, and the application for SSI benefits from March 7, 2013, Tr. 192–201.

Report at 12. Further, the record contains "summaries of some of the assertedly missing CPD medical evidence and in the comparison section of the decision under review, the ALJ summarizes CPD medical evidence in a manner consistent with some of the assertedly missing CPD medical evidence." Id. at 14-15. Thus, the court's holding in Sessions-Hamilton is distinguishable and Christopher's reliance on it to assert that the Court should overrule the Magistrate Judge's findings is unavailing.

Second, Christopher repeats his argument made before the Magistrate Judge that "[t]he ALJ and disability hearing officer's finding regarding medical improvement are worded almost exactly the same." See Objections at 5; see also Brief at 13-14. Having reviewed Christopher's argument and the

Magistrate Judge's rejection of it, the Court finds the Magistrate Judge's determination to be fully supported by the record and applicable authority.

Accordingly, it is hereby

**ORDERED:**

1. The Objections to Report and Recommendation Dated July 28, 2022 (Doc. 22) are **OVERRULED**.

2. The Magistrate Judge's Report & Recommendation (Doc. 28) is **ADOPTED** as the opinion of the Court.

3. The Commissioner's decision is **AFFIRMED**.

4. The Clerk of the Court is directed to enter judgment in favor of the Commissioner and against Anthony Miguel Christopher and to close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of September, 2022.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc28
Copies to:
Counsel of Record